CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
APR 1 4 2004
LODGED ____ REC'D ____
PAID ____ DOCKETED ____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | Bankruptcy Case No. 01-62938-fra7 |
| ROBERT J. KROHN, | |
| Debtor. | |
| ROBERT J. KROHN, | Adversary Proceeding No. 03-6426-fra |
| Plaintiff, | |
| vs. | |
| ELIZABETH J. DEMPSEY, | MEMORANDUM OPINION |
| Defendant. | |

Plaintiff seeks a judgment for money damages and other relief based on his claim that Defendant has violated the discharge injunction provided for in 11 U.S.C. § 524(a). Having considered Plaintiff's motion for summary judgment on the issue of liability, I find that, based on the undisputed facts of this case, Defendant is not liable, and that judgment should be entered dismissing the adversary proceeding.

// // //

// // //

PAGE 1 - MEMORANDUM OPINION

I. FACTS

The facts of this case are found primarily in the public record, and are undisputed. The creditor (Defendant herein) obtained a judgment against the Debtor (Plaintiff) from the Circuit Court for Marion County on January 31, 2001. The judgment constituted a lien against any real property owned by the Debtor at that time. ORS 18.150. Thereafter the property was transferred to a third person, apparently subject to the lien. For the purposes of this opinion, the Court will assume that the lien was on the property at the time it was transferred.

Debtor filed a petition for relief under Chapter 7 of the Code on April 20, 2001. In an adversary proceeding initiated by the creditor seeking to except her claim from discharge, the Court held in favor of the Debtor, and that the claim would be discharged. The case closed thereafter.

On October 31, 2003, the creditor caused the Circuit Court in Marion County to issue a writ of execution directed to the sheriff. The sheriff was instructed to sell the real property previously owned by the Debtor.

The Debtor now brings this action, claiming that causing the Circuit Court to issue the writ violated his rights under the discharge injunction.

II. PROCEDURE

The Ninth Circuit Bankruptcy Appellate Panel has held that there is no private right of action for violation of the discharge injunction of Code § 524(a). <u>Bassett v. American Gen. Fin., Inc.</u>,

PAGE 2 - MEMORANDUM OPINION

255 B.R. 747, 753-57 (BAP 9th Cir. 2000). Plaintiff's complaint must, therefore, be treated as a request for sanctions under Code § 105(a). The ability of the court to sanction a party for violation of its orders is central to administration of bankruptcy estates and must therefore be considered a core proceeding. 28 U.S.C. § 157((b)(2)(A).

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

"When one party moves for summary judgment and at a hearing the record reveals no genuine dispute on a material fact, 'the overwhelming weight of authority supports the conclusion that . . . the court may *sua sponte* grant the summary judgment to the non-moving party'." Kassbaum v. Steppenwolf Productions, Inc., 236 F.3d 487, 494 (9th Cir. 2000)(citing Golden State Transit Corp. v. City of Los Angeles, 563 F.Supp. 169, 170-71 (C.D.Cal. 1983)).

// // //
// // //

PAGE 3 - MEMORANDUM OPINION

## III. DISCUSSION

Unless avoided or vacated by order of the bankruptcy court, an otherwise valid lien is not affected by the bankruptcy discharge. In re Cortez, 191 B.R. 174, 177 (BAP 9th Cir. 1995)(citing Dewsnup v. Timm, 502 U.S. 410, 418 (1992)). Thus, after the bankruptcy case was closed, there was no impediment under the Bankruptcy Code to creditor's proposed foreclosure of her judgment lien on the subject property. At oral argument the Debtor appears to concede this point, but maintains that, since more than real property is implicated by the writ as issued, the exposure of other property owned by the Debtor to levy or execution constituted a violation of the discharge injunction. However, there is more involved under Oregon law governing enforcement of judgements.

The writ of execution was issued pursuant to ORS 18.468, and followed a standard form typically used in this state. See *Creditor's Rights and Remedies* (Oregon CLE 2002), Ch. 6, Form 6-1. As required by the statute, the writ commands the sheriff to

> [S]atisfy, out of the personal property of said KROHN HOMES, INC., an Oregon corporation, and Robert J. Krohn, dba Krohn Homes, Inc., or if sufficient personal property cannot be found, then out of the real property belonging to said defendants Krohn Homes, Inc., an Oregon corporation, and Robert J. Krohn, dba Krohn Homes, in your county on or after the said January 31, 2001 (excepting such as the law exempts), the sum of $140,000 now due on the judgment together with interest upon said sum at the rate of 9% per year from December 1, 2000, and also the costs of this writ and make due return hereon within 60 days after you have received this writ.

It is the directive against the Debtor's personal property which he claims offends the discharge injunction. As Debtor's

PAGE 4 - MEMORANDUM OPINION

counsel put it at oral argument, it may have been the creditor's intention to foreclose on the real property, but there was nothing to keep her from going after the Debtor's car.

This argument overlooks the fact that issuance of the writ is only part of the statutory scheme for satisfaction of judgments out of a judgment debtor's property. ORS 18.468(4) provides that

> If the judgment does not require that specific real or personal property of the judgment debtor be sold or delivered, the writ may direct the sheriff to sell the real or personal property specified by the judgment creditor in instructions given to the sheriff. *The judgment creditor must provide the sheriff with instructions that particularly describe the personal property to be seized and indicate where the property may be found. The judgment creditor must provide the sheriff with instructions that particularly describe any real property to be sold.*

(Italics added).

The statutory scheme in Oregon requires that the judgement creditor obtain an appropriate writ of execution from the clerk, and deliver the writ together with instructions to the sheriff describing the specific property to be levied upon. See *Creditor's Rights and Remedies* (Oregon CLE 2002) §§ 6.4, 6.6.

In the absence of an explicit instruction to the sheriff to seize property not subject to a pre-bankruptcy lien, the boilerplate in the writ of execution had no legal effect. Since the creditor's lien on the real property was unaffected by the bankruptcy, she retained the right to seek sale of the property subject to the lien. It follows that issuance of the writ, without instructions limited to sale of the property subject to the pre-petition lien did not violate the discharge injunction.

PAGE 5 - MEMORANDUM OPINION

IV. CONCLUSION

Defendant did not violate the discharge injunction. Since no other conclusion is possible from the facts of this case, summary judgment shall be granted to Defendant dismissing the adversary proceeding.

The foregoing constitutes the Court's findings of fact and conclusions of law. Counsel for the Defendant shall submit to the Court a form of judgment dismissing the complaint, and awarding costs, but not attorney's fees.[1]

FRANK R. ALLEY, III
Bankruptcy Judge

---

[1] There is no general right to attorney fees in litigating matters under the Bankruptcy Code. In re Baroff. 105 F.3d 439 (9th Cir. 1997).

PAGE 6 - MEMORANDUM OPINION